By the Court,
Beardsley, J.
The seventh section of the defendants’ charter is as follows : “ When any property insured with this corporation shall be alienated by sale or otherwise, the policy shall become void, -and be surrendered to the directors to be cancelled: and upon such surrender, the assured shall be entitled to receive his deposit note, upon the payment of his proportion of all losses and expenses that have accrued prior to such surrender,” &c. (Laws of 1836, p. 177; id. p. 44.) The alienation in the present Instance preceded the fire, and when that occurred the policy was a mere nullity.
It is said, however, that the facts set forth in the replication show a waiver of the forfeiture arising from the alienation, and that therefore the policy is still' binding on the defendants. These facts are, that the defendants, with full knowledge of the alienation, and of the destruction of the plaintiff’s dwelling house by fire, exacted and received payment of a part of his deposit note; for the purpose of meeting losses which occurred Subsequent to the alienation.
Whether a policy, after having become. void by the alienation of the property insured, can be restored to vitality by a mere act of waiver on the part of the underwriters, need not now' be decided; for in mf opinion the replication fails to show *51 that any such act has been done by the defendants. Although the plaintiff’s policy became void by the alienation of the propperty insured, it does not follow that his deposit note was also void. On the contrary, until he surrendered his policy, and paid his proportion of all losses which accrued “ prior to such surrender,” the deposite note remained obligatory upon him. He does not pretend that he surrendered his policy previous- to the assessment mentioned in the replication; and he was therefore liable to pay his proportion of the losses for which that assessment was made. The replication shows that the defendants have enforced this liability; but their acts, instead of evincing an intention to affirm the existence of the policy, are perfectly consistent with their right to treat it as void.
The replication furnishes no answer to the matters stated in the plea, and the demurrer should therefore be sustained.
Judgment for the defendants.(a)

 See Smith v. The Saratoga County Mutual Fire Ins. Co., (3 Hill, 508.)